FILED
CLERK. U.S. DISTRICT COURT

2004 OCT 25  A 9 27

DISTRICT OF UTAH
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE SOCIETY OF LLOYD'S, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| vs. | |
| WALLACE R. BENNETT, GRANT R. CALDWELL, CALVIN P. GADDIS, DAVID L. GILLETTE, STEPHEN M. HARMSEN, KELLY C. HARMSEN, JAMES R. KRUSE, EDWARD W. MUIR, and KENT B. PETERSEN, | Case No. 2:02 CV 0204 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |
| Defendants. | |

This case was referred to the undersigned under 28 U.S.C. §636(b)(1)(A)[1] and (B).[2]

The matter is now ready for entry of a garnishee judgment. Because a garnishee judgment

is of a dispositive nature, the magistrate judge submits this report and recommendation to

the district judge.

---

[1]    Docket no. 216, filed November 19, 2003.

[2]    Dated October 18, 2004, not docketed as of the date of this Report and Recommendation.

-1-

# REPORT

Plaintiff The Society of Lloyd's ("Lloyd's") holds a Judgment against Wallace R.
Bennett ("Bennett").[3]  In aid of executing on the Judgment, Lloyd's garnished a brokerage
account (the "Account") held in the names of Defendant Wallace R. Bennett ("Mr.
Bennett") and his wife Evalyn D. Bennett ("Mrs. Bennett"), as joint tenants.  The
garnishee is Morgan Stanley.  The Writ of Garnishment was issued on June 28, 2004,[4] and
was served on Morgan Stanley on June 28, 2004.[5]  Morgan Stanley answered the
Interrogatories to Garnishee on July 8, 2004 and indicated that its Account Number APVA
124 013054 063 H, in the name of Mr. Bennett and Mrs. Bennett, had an approximate
value of $790,895.00, and that Morgan Stanley had placed a "freeze" on the account.[6]  On
July 14, Mr. Bennett filed a Request for Hearing as to the garnishment,[7] and attached a
previously filed Objections to Issuance of Writ of Garnishment.[8]  In this document, Mr.
Bennett raised six objections, one of which was that Lloyds' garnishment impermissibly
blocked Mrs. Bennett's rights in the Account.  Lloyd's filed a Response to Bennett's

---

[3] Docket no. 156, filed March 18, 2004.

[4] Docket no. 283, filed June 30, 2004.

[5] *Id.*

[6] Docket no. 285, filed July 12, 2004.

[7] Docket no. 287, filed July 14, 2004.

[8] Docket no. 284, filed July 3, 2004.

Objections to Issuance of Writ of Garnishment,[9] in which (among other things) it asked that it be given an opportunity to conduct limited discovery regarding the Account and Mr. and Mrs. Bennett's respective interests in it.

On August 3, 2004, the Magistrate Judge held a hearing related to Bennett's objections to the garnishment. At that hearing, Lloyd's was represented by Thomas R. Barton; Mr. Bennett appeared and was represented by David D. Bennett. However, neither Mrs. Bennett nor her counsel were able to attend that hearing. The Magistrate Judge heard argument from both parties relating to Mr. Bennett's objections. The Magistrate Judge continued the hearing to August 6, 2004, in order to allow Mrs. Bennett to appear with retained counsel, and in order to further consider some of the objections raised by Mr. Bennett.

On August 6, 2004, the Magistrate Judge held a hearing related to Bennett's objections to the garnishment. Lloyd's was represented by Thomas R. Barton; Mr. Bennett appeared and was represented by David D. Bennett; Mrs. Bennett appeared and was represented by Gerald H. Suniville. At that hearing, the magistrate judge overruled Mr. Bennett's objections for reasons later set forth in full in an order filed August 23, 2004, as docket no. 300.

---

[9] Docket no. 294, filed July 29, 2004.

With respect to the interest of Mrs. Bennett in the Account, the Magistrate Judge found, and the parties agreed, that further discovery and investigation was needed as to the respective interests of Mr. and Mrs. Bennett in the Account.  The parties indicated they would obtain documents regarding the Account, and take the deposition of Mrs. Bennett, in preparation for an evidentiary hearing to determine her interest in the Account.  The parties stipulated and agreed, on the record, that the Account remain frozen until the current dispute regarding the respective interests of Mr. and Mrs. Bennett is resolved.  The parties discussed the nature of the account as a "margin" account, securing a loan used to purchase some of the investments in the account, which resulted in the assets of the account having a "net" value, after deducting the outstanding balance of the loan.  An order continuing the garnishment was entered.[10]

An evidentiary hearing was set for August 27, 2004, and continued by stipulation[11] until October 7, 2004.  At that time, the parties stipulated that Mr. and Mrs. Bennett each have a one-half interest in the net equity of the garnished Morgan Stanley account.  Mr. David Bennett and Mr. Suniville were heard on objections.  The magistrate judge ordered Mr. Barton to prepare a proposed order and garnishee judgment and circulate it by Friday, October 8, 2004.  Counsel were directed to file any objections to the form of the garnishee judgment by noon on October 18, 2004, and  meet (outside of the court) on Tuesday,

---

[10]     Order filed August 23, 2004, as docket no. 300.

[11]     Docket no. 303, filed August 31, 2004.

October 19, 2004 at 2:00 p.m. A further hearing was set for Thursday, October 21, 2004 at 1:00 p.m.

Plaintiff proposed a Garnishee Judgment (lodged in the file), which the magistrate judge reviewed along with the objections to it filed by Mr. Bennett[12] and Mrs. Bennett.[13] Mrs. Bennett objects because she and Morgan Stanley have not been made defendants by being interplead in the action.  However, the rule[14] only *permits* such interpleading, and does not require it.  Mrs. Bennett has appeared, has stipulated to the status of the Account, and has been fully considered in this process.

Mrs. Bennett also objects because the magistrate judge has not undertaken to partition the Account under a Utah statutory scheme pertaining to partition of real

---

[12]     Docket no. 316, filed October 16, 2004.

[13]     Dated October 18, 2004, not docketed as of the date of this Report and Recommendation.

[14]     Utah R.Civ. P. Rule 64D(l), made applicable by Fed. R. Civ. P.69(a).  Existing Rule 64D will be repealed effective November 1, 2004.   http://www.utcourts.gov/resources/rules/approved/, last visited October 18, 2004.

When any person other than the defendant claims or may claim that the property held in the possession, custody, or control of the garnishee pursuant to a Writ is not subject to garnishment, the court may on motion order that such claimant be interpleaded as a defendant to the garnishment action, and if not already subject to the jurisdiction of the court, provide for notice thereof, in such form as the court shall direct, together with service of a copy of the order upon such third-party claimant in the manner required for the service of a summons. Thereupon the garnishee may pay or deliver to the court such property held pursuant to the Writ, which shall be a complete discharge from all liability to any party for the amount so paid or property so delivered. The third-party claimant shall thereupon be deemed a defendant to the garnishment action and shall answer within 10 days, setting forth any claim or defense. In case of default, judgment may be rendered as in any other cases of default which shall extinguish any claim of such third-party claimant.

property.[15]  The statute by its terms does not apply to the Account, which is personal

property.

At the October 21st hearing, the court provided a copy of this report and

recommendation in draft form to counsel, and asked for their comments and objections.

Mr. Bennett's counsel requested that the proposed order permit pacing of investment sales

to maximize the value received and to avoid depressing the market, or selling in a

depressed market.  The magistrate judge found no reason to limit the right of the Plaintiff

creditor to proceed with collection.

Mrs. Bennett's counsel also requested that the court partition the account and the

debt related thereto to minimize tax consequences for her in the pending sale of securities

and for her heirs by reason of a stepped-up tax basis at her death.  While there may be

some merit to what is asked, the relief does not appear appropriate in this setting.

The magistrate judge also considered the position of the parties on the authority of

the magistrate judge to enter a direct order or proceed by report and recommendation,[16]

---

[15]      Utah Code Ann. § 78-39-1.

When several cotenants hold and are in possession of real property as joint tenants or tenants in common,
in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action
may be brought by one or more of such persons for a partition thereof according to the respective rights
of the persons interested therein, and for a sale of such property or a part thereof, if it appears that a
partition cannot be made without great prejudice to the owners.

[16]      At the request of the magistrate judge the parties filed memoranda on the extent of the authority
of the magistrate judge.  Docket nos. 315 and 317, filed October 15, 2004.  Plaintiff included draft documents.

and reviewed the proposed recommendation and judgment provided by Plaintiff.[17]  This

document considered those papers.

The magistrate judge recommends the district judge adopt the following findings of

fact and conclusions of law:

### RECOMMENDED FINDINGS OF FACT

1.      Defendant and Judgment Debtor Wallace Bennett has a one-half interest in

Account Number APVA 124 013054 063 H at Morgan Stanley.

2.      Mrs. Evelyn Bennett has a one-half interest in Account Number APVA 124

013054 063 H at Morgan Stanley.

3.      Morgan Stanley has a lien on the account to secure a loan from the Mr. and

Mrs. Bennett which reduces the asset value of the account to a net value.

4.      As of the date Morgan Stanley answered the interrogatories to garnishee, the

net value of the account was $790,895.00.

5.      Plaintiff and Judgment Creditor The Society of Lloyds has an unsatisfied

judgment in excess of one-half the net value in the Account.[18]

6.      There will be some standard commissions and fees due Morgan Stanley from

the liquidation of investments in the Account to pay funds over to Plaintiff Lloyds.

---

[17]      Exhibits A and B attached to Plaintiff's Memorandum Regarding the Authority of the Magistrate Judge to Issue Garnishee Judgment, docket no. 317, filed October 15, 2004.

[18]      Affidavit of Thomas R. Barton, docket no. 310, filed September 29, 2004.

## RECOMMENDED CONCLUSIONS OF LAW

A.     A Garnishee Judgment should be entered against Morgan Stanley to the extent of one-half the net value in Account Number APVA 124 013054 063 H, less standard commissions and fees.  The net value of the Account is equal to the total value of the investments in the Account, less the debit (or loan) balance against the Account, at the time of liquidation.

B.     Any standard commissions or fees from the partial liquidation of the account should be paid from the one-half net value amount.

C.     After payment of the standard commissions and fees, the amount remaining of the one-half net value of the account shall be paid to Plaintiff Judgment Creditor The Society at Lloyds in care of Plaintiff's counsel, within ten[19] days after entry of the Garnishee Judgment.[20]

DATED this 25 day of October, 2004.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[19]     At the hearing October 21, 2004, counsel for Lloyds and Mr. Bennett agreed to this time frame in light of Fed. R. Civ. P. 62(a) which makes process in aid of judgments available ten days after entry of judgment. Counsel for Lloyds did not concede that this statute applies nor that it requires this delay in this circumstance, but agreed to this time frame.

[20]     Utah R.Civ. P. 64D(h)(iii) provides for an order to issue to a garnishee debtor.

-8-

alt

United States District Court
for the
District of Utah
October 25, 2004


\* \* CERTIFICATE OF SERVICE OF CLERK \* \*


Re:  2:02-cv-00204


**True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:**


      **Theodore W. Grippo Jr, Esq.**
      **LINDENBAUM COFFMAN KURLANDER BRISKY & GRIPPO LTD**
      **70 W MADISON ST STE 2315**
      **CHICAGO, IL  60602**

      **Mr. Alan L Sullivan, Esq.**
      **SNELL & WILMER LLP**
      **15 W SOUTH TEMPLE STE 1200**
      **GATEWAY TOWER W**
      **SALT LAKE CITY, UT  84101**
      **EMAIL**

      **Steven A. Wuthrich, Esq.**
      **1011 WASHINGTON STE 101**
      **MONTPELIER, ID  83254**
      **JFAX 8,208,8471230**

      **David D. Bennett, Esq.**
      **SCIENCE & LAW CONSULTANTS**
      **1189 S 2100 E**
      **SALT LAKE CITY, UT  84108-1912**

      **Mr. Wallace R. Bennett, Esq.**
      **1723 S 2100 E**
      **SALT LAKE CITY, UT  84108**

      **Franklin Reed Bennett, Esq.**
      **8647 S ACORN LN**
      **SANDY, UT  84093-2020**

      **Mr. Michael N. Zundel, Esq.**
      **PRINCE YEATES & GELDZAHLER**
      **175 E 400 S STE 900**
      **SALT LAKE CITY, UT  84111**
      **EMAIL**

      **Mr. Gerald H Suniville, Esq.**
      **VAN COTT BAGLEY CORNWALL & MCCARTHY**
      **50 S MAIN STE 1600**
      **PO BOX 45340**

SALT LAKE CITY, UT  84145
EMAIL