IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE SOCIETY OF LLOYD'S,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WALLACE R. BENNETT, et al.,<br><br>　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:02-CV-204 TC |

This matter comes before the court on a series of motions filed by Defendant Wallace R. Bennett[1] essentially seeking modification or reconsideration of two court orders and a judgment against Mr. Bennett. The motions are as follows:

- "Joint[2] Motion Under Rule 59(e) Re: an Order Dated April 22, 2005: Remand from Bankruptcy Court" (Docket No. 413);

- "Joint Motion to Apply 1.16% Interest Rate Under Rule 60 or Mandate Rule" (Docket No. 427);[3] and

---

[1]The motions are captioned as "joint motions" brought by Wallace Bennett and his son, David Bennett, who alleges to be a creditor in Wallace Bennett's bankruptcy case in the Bankruptcy Court for the District of Utah. David Bennett is not a party in this case and accordingly has no standing to bring the motions on his behalf. Wallace Bennett, however, does have standing to file the motions.

[2]The court does not treat this motion or any of the other pending motions as a "joint motion." See note 1, supra.

[3]A fourth motion was filed and captioned "Joint Motion to Apply 1.16% Interest Rate." The court treats this motion as part of the "Joint Motion to Apply 1.16% Interest Rate Under

- "Joint Motion Under Rule 59(e) Re: a Garnishment Judgment Dated May 24, 2005" (Docket No. 425).

The court addresses each motion in turn.

**Motion Under Rule 59(e) Re: Order Dated April 22, 2005**

First, the court notes that the Motion is improperly brought under Federal Rule of Civil Procedure 59(e).  Instead, the court treats the Motion as a Rule 60(b) motion seeking reconsideration of the court's April 22, 2005 Order.  In the April 22, 2005 Order, the court held that Magistrate Judge Nuffer had authority to issue an August 21, 2004 Order staying release of a writ of garnishment.

Plaintiff, The Society of Lloyd's, opposes Mr. Bennett's Motion.  The court agrees with the analysis set forth in the Plaintiff's opposition brief.  Accordingly, the court DENIES Mr. Bennett's motion for the reasons set forth in "Plaintiff's Memorandum in Opposition to Joint Motion Under Rule 59(e) Re: an Order Dated April 22, 2005: Remand from Bankruptcy Court" (Docket No. 421).

**Motion to Apply 1.16% Interest Rate Under Rule 60(b) or the Mandate Rule**

Mr. Bennett asks the court to apply a post-judgment interest rate of 1.16%, as mandated by the United States Court of Appeals for the Tenth Circuit in its March 23, 2005 Order.  See Society of Lloyd's v. Reinhart, 402 F.3d 982 (10th Cir. 2005).  In the alternative, Mr. Bennett

---

Rule 60 or Mandate Rule" because both seek the same relief.

asks the court to modify the judgment against him, pursuant to Federal Rule of Civil Procedure 60(b), by applying the 1.16% post-judgment interest rate.

**Mandate Rule**

The "mandate rule" provides that "a district court must comply strictly with the mandate rendered by the reviewing court." Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1132 (10th Cir. 2001). Mr. Bennett contends that the Tenth Circuit, in its March 23, 2005 Opinion, held that a post-judgment interest rate of 1.16% applied to all parties who appealed the Society of Lloyd's judgment against them.

The appeal to the Tenth Circuit was actually four separate appeals consolidated by the Tenth Circuit. One of the appeals was Mr. Bennett's. Another one was an appeal by Defendants Steve and Kelly Harmsen. Only the Harmsens raised the post-judgment interest issue on appeal. As noted in more detail in the Plaintiff's opposition memorandum, the language of the Tenth Circuit opinion clearly shows that the Tenth Circuit only decided the issue for the Harmsens, not the other appellants. Accordingly, for the reasons set forth in Plaintiff's Memorandum in Opposition to Joint Motion to Apply 1.16% Interest Rate Under Rule 60 or Mandate Rule (Docket No. 430), the court holds that it may not extend the Tenth Circuit's interest rate mandate on remand to Mr. Bennett pursuant to the mandate rule. This, however, does not end the court's analysis.

**Law of the Case**

The "law of the case doctrine" provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). The Tenth Circuit's holding regarding the

1.16% interest rate is the law of the case for the Harmsens, not Mr. Bennett (who did not appeal the issue). Instead, the law of the case for Mr. Bennett is that he must pay the post-judgment interest rate set forth in the judgment against Mr. Bennett, which was affirmed on appeal.

The Tenth Circuit has recognized three "exceptionally narrow" grounds for departure from the law of the case doctrine: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998), quoted in McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000). The court finds that grounds two and three both apply to the case here. First, the Tenth Circuit held in a parallel case (the Harmsens' appeal) that the post-judgment interest rate should be 1.16%. The Tenth Circuit's holding is contrary to this court's decision in Mr. Bennett's case and is applicable to the post-judgment interest issue now raised by Mr. Bennett. Second, the court finds that application of substantially different post-judgment interest rates (one of which the Tenth Circuit has held to be erroneous) in parallel cases would work a manifest injustice. Accordingly, the court holds that the rule of law regarding the post-judgment interest rate announced in Society of Lloyd's v. Reinhart, 402 F.3d 982 (10th Cir. 2005), shall apply to Mr. Bennett as well.[4]

---

[4] The court does not reach the issue of whether other defendants obligated to pay a judgment to the Plaintiff are also entitled to application of the 1.16% interest rate, because those parties are not currently before the court on any such motion.

**Motion Under Rule 59(e) Regarding May 24, 2005 Garnishment Order**

Defendant Wallace Bennett raises three grounds in support of his request that the court reconsider the May 24, 2005 Garnishment Order against him.  (See Docket No. 425 at 1.)  In his motion, he requests that the court withhold issuance of a garnishment judgment  "unless or until a definitive determination is made of the amount [Plaintiff Society of Lloyd's] now claims and of principal and adjustment credits." (Docket No. 425 at 2.)

The court finds, for the reasons set forth in the Plaintiff's Memorandum in Opposition to Joint Motion Under Rule 59(e) Regarding a Garnishment Judgment Dated May 24, 2005, that the first two grounds raised by Mr. Bennett have no merit.  However, the court defers ruling on the Motion until Defendant Wallace Bennett and Plaintiff The Society of Lloyd's have submitted briefs addressing the following questions:

1.	Does the court have jurisdiction and authority to make a final determination regarding the amount owed by Mr. Bennett to Society of Lloyd's pursuant to the judgment?

2.	If the court does have the authority, what is the procedure for making such a determination and what law governs such procedure?

Defendant Wallace Bennett and Plaintiff The Society of Lloyd's shall submit simultaneous briefs on the two questions no later than thirty days from the date of this Order.

**ORDER**

For the foregoing reasons, the court Orders as follows:

1.	Defendant Wallace Bennett's "Joint Motion Under Rule 59(e) Re: an Order Dated April 22, 2005: Remand from Bankruptcy Court" (Docket No. 413) is DENIED;

2.	Defendant Wallace Bennett's "Joint Motion to Apply 1.16% Interest Rate Under

Rule 60 or Mandate Rule" (Docket No. 427) is GRANTED;

    3.    Defendant Wallace Bennett's "Joint Motion to Apply 1.16% Interest Rate" (Docket No. 419) is DENIED AS MOOT; and

    4.    The court defers ruling on Defendant Wallace Bennett's "Joint Motion Under Rule 59(e) Re: a Garnishment Judgment Dated May 24, 2005" (Docket No. 425) until the court has considered the issues for which additional briefing has been requested. The briefs on the two questions posed above are due no later than thirty days from the date of this Order.

    IT IS SO ORDERED this 5th day of July, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge